IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TIMOTHY GEITHNER, SECRETARY OF THE TREASURY,<br><br>    Defendant.<br>_____ | No. C 12-0901 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail, filed this action that he describes as an "admiralty or maritime claim." He seeks money damages from the United States Secretary of Treasure for a purported "bond" Plaintiff holds for one hundred million dollars. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it as frivolous.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff's complaint, which is very difficult to understand, alleges that he is the "beneficiary" of a "bond" for $100,000,000. (Complaint at 1-2.) He alleges that he mailed this bond to Defendant, the Secretary of the Treasury of the United States, and gave him thirty days to return it to Plaintiff with an "explanation of all deficiencies." (Complaint at 2-3.) Defendant did not return the bond to Plaintiff within this time. According to Plaintiff, this constituted "acceptance and honoring of the bond itself," and now Defendant owes Plaintiff $100,000,000. Plaintiff also describes his claim as an "admiralty or maritime" claim. (Docket No. 2.) The authority for Plaintiff's claim is "the Uniform Commercial Code, International Contract Law, The Unwritten Law Merchant as practiced before the U.C.C. was promulgated, and applicable maxims of

law." (Complaint at 6.) Plaintiff's claim is frivolous and will be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 24, 2012

JEFFREY S. WHITE
United States District Judge

|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

TROY ANDERSON,

        Plaintiff,

  v.

TIMOTHY GEITHNER et al,

        Defendant.

Case Number: CV12-00901 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Anderson CC10CL834
901 Court Street
Martinez, CA 94553

Dated: April 24, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk